### W. A. Warn v. The State.

No. 11160.   Delivered November 30, 1927.

**1.—Murder—Charge of Court—On Manslaughter—Not Called For.**

Where, on a trial for murder, the evidence raised the issues of an unprovoked killing and that of a justifiable homicide, the court properly refused to charge on manslaughter. It is neither necessary nor proper to give a charge on manslaughter when there is no evidence on the trial raising that issue. See Homberg v. State, 12 Tex. Crim. App. 1, and other cases cited.

**2.—Same—Evidence—Improper Questions Answered Favorably—No Error.**

Where certain questions were propounded to appellant on his cross-examination, which were not altogether proper but the answers to such questions were all favorable to appellant, no injury that would demand the reversal of the case is shown.

Appeal from the District Court of San Patricio County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction of murder, penalty life imprisonment in the penitentiary.

The opinion states the case.

*W. B. Moss* of Sinton, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, Judge.—Offense murder, punishment life imprisonment in the state penitentiary.

Sufficient of the evidence to illustrate the law points discussed is as follows:

Appellant had been working for deceased, W. A. Farmer, at a construction camp. As his money accumulated he gave it to Mrs. Farmer, wife of deceased, to keep for him. She kept it

in a trunk in a tent.  Upon his calling for it Mrs. Farmer found it was missing and told him the money had been stolen.  He left the camp out of humor and at that time refused to receive balance owing him by the company.  In a day or so he returned. Farmer paid him such balance at that time and appellant then asked him what about the remainder, referring to the money claimed to have been lost.  Mr. Farmer told him, "Mr. Warn, you know that money was stolen and if we find it you are going to get every penny of it."  Appellant began cursing and said he would kill all of them, as he said it he pulled his gun out, and Farmer said, "Mr. Warn, you don't want to kill anybody; you are too old a man," and Mrs. Farmer said, "Oh, Mr. Warn, please don't shoot."  He thereupon shot Farmer twice and shot at Mrs. Farmer about three times as she ran away, cursed her, telling her that he was going to kill her.  This is very briefly the state's evidence, as given by the wife of deceased.

The appellant's version is entirely different.  He explains that while working for deceased, deceased approached him and asked him to play cards with the negroes and employees of the construction camp and win their money and give him half of it. That they first used marked cards on him and broke him, which seemed to displease deceased.  That he then marked cards and used on them and won a considerable sum, $122.00 of which he let Mrs. Farmer have upon her representation that she could loan it back to the negroes and make twenty-five per cent. His theory was that Farmer and his wife had stolen the money and refused to repay him.  That he went to the tent of deceased and said "What about the $122.00," and he said, "Now here, I told you—'bang.'  That is as far as he went.  Well, as he pulled his gun, I pulled mine,"  He further testified that deceased shot at him, whereupon he shot at his right shoulder to make him drop his gun.  He said he didn't intend to kill him, but was merely trying to make him drop his six-shooter.

The court charged on murder and self-defense.  Complaint is made of the failure of the court to charge on manslaughter.  The testimony, we think, fails to raise the issue of a killing under the immediate influence of sudden passion arising from an adequate cause and seems to present two issues:  (1) That of an unprovoked killing, and (2) that of justifiable homicide.  These being the only issues, it is neither necessary no advisable to give manslaughter in charge to the jury as its tendency would only be to mislead the jury.  Homberg v. State, 12 Tex. Crim. App. 1, Pickens v. State, 86 Tex. Crim. Rep. 657; Williams v.

State, 2 Tex. Crim. App. 271, Dougherty v. State, 59 Tex. Crim. Rep. 464.

By bill of exception No. 10 it is made to appear that appellant on cross-examination testified in response to questions from the state as to alleged previous troubles; particularly that he had no trouble with Deputy United States Marshals and did not kill a man in Louisiana. The bill is perhaps not full enough for consideration. The surrounding facts and circumstances are not shown. The questions asked may have been proper questions and the answers merely not responsive. However, all the answers of the witness appeared to leave him in a favorable light before the jury and no fact was testified to by him which in our opinion was prejudicial enough to justify a reversal.

The bill was qualified by the court with the statement that same was admitted for the purpose of laying a predicate for impeachment. It is not permissible to introduce in evidence mere accusations or particular acts of misconduct for which defendant has been indicted, nor is it admissible to prove indictment or conviction for a crime of a remote date. McAfee v. State, 17 Tex. Crim. App. 139; Bowers v. State, 71 S. W. 284. The testimony was not admissible for the purpose indicated by the court in his qualification unless it amounted to proof of indictment for a felony or misdemeanor involving moral turpitude of a date not too remote. Branch's P. C., Secs. 168, 169, and 170. We do not believe, however, that it presents a matter of such prejudicial character as would authorize a reversal. In no case was an accusation or conviction shown.

We have carefully examined all other bills of exception, and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.